IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH BAIRD,
      Plaintiff,

vs.                                Case No. 5:06cv250/MCR/EMT

JAMES R. McDONOUGH, et al.,
      Defendants.
_____/

**<u>ORDER</u>**

This cause is before the court upon Plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 6).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief.  The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff, an inmate at the Apalachee Correctional Institution ("ACI"), names four Defendants in this action:  James McDonough, Secretary of the Florida Department of Corrections ("DOC"); S. Miliken, Assistant Secretary of the DOC; C.P. Landrum, ACI Assistant Warden; and Sgt. White, a correctional officer at ACI.  Plaintiff contends Defendants violated his constitutional right to access the courts by interfering with his ability to receive and review articles of legal mail transmitted to him by his public defender (Doc. 1 at 8–12).  Specifically, Plaintiff contends Defendants denied him access to a videotape and DVD of depositions relevant to an application for post-conviction relief filed by Plaintiff in the Florida courts (*see id.* at 8–9).  After Defendants denied Plaintiff access to these materials, Plaintiff further alleges that he was denied permission to redirect the videos to his home or to his new defense attorney (*see id.* at 10–11).  Finally, Plaintiff alleges that the videos may have been destroyed by Defendants (*see id.* at 11).  As relief, Plaintiff seeks declaratory relief, compensatory damages in the amount of $500,000.00 per Defendant, punitive damages in the amount of $2,000,000.00 per Defendant, and reasonable costs and attorney's

fees (*id*. at 13).

Initially, it is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff alleges that he was unable to access the videos sent to him by his public defender. However, Plaintiff has failed to state how denial of access to these videos injured him. In short, Plaintiff has failed to allege he suffered actual injury "such as a denial or dismissal" of his application for post-conviction relief, or that the action was arguably meritorious. Unless Plaintiff alleges sufficient facts to state a constitutional claim, his claim will be subject to dismissal.

Moreover, Plaintiff has failed to state a basis for liability as to Defendants Miliken and

McDonough.  Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 362 F.3d at 1360 (internal quotation marks and citation

omitted).

In the instant case, Plaintiff alleges Defendants Miliken and McDonough denied his grievances.  As discussed *supra*, this fact alone does not provide a basis for liability.  Therefore, Plaintiff should drop Secretary McDonough and Assistant Secretary Miliken as Defendants unless additional facts exist and are alleged to support claims against them.  Similarly, to the extent Plaintiff has named Assistant Warden Landrum as a Defendant only because Defendant Landrum denied Plaintiff's grievance(s), Plaintiff has failed to state a claim.

Finally, Plaintiff is not entitled to the damages he seeks absent an allegation that he has suffered physical harm as a result of the alleged constitutional deprivation.  Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from the Defendants' actions.  Because the Prison Litigation Reform Act ("PLRA") forbids the litigation of Plaintiff's claims for damages while Plaintiff is imprisoned, the claims are subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1.     The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2.     Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form. In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.     Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 16th day of March 2007.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**