IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH BAIRD,
    Plaintiff,

vs.                                      Case No. 5:06cv250/MCR/EMT

S. MILIKEN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's fourth amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 19).  Leave to proceed in forma pauperis has been granted (Doc. 6).

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe

the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, an inmate at Apalachee Correctional Institution (ACI) at all times relevant to this action, names three Defendants:  S. Miliken, Assistant Secretary of the Florida Department of Corrections (DOC); C.P. Landrum, ACI Assistant Warden; and Sgt. White, a mail clerk at ACI (Doc. 19 at 1–2).  Plaintiff generally contends that Defendants interfered with his right to receive legal mail and review legal materials that were mailed to him by his attorney, including, apparently, denying him the right to listen to tapes or compact discs (CDs) of depositions (*see* Doc. 19 at 5). Despite being advised on three prior occasions that he must provide specific factual support for his claims,[1] as well as being provided with detailed legal standards regarding supervisory liability, First Amendment free speech and access to court claims, Sixth Amendment legal mail claims, due process claims, and claims for monetary damages (*see* Doc. 8 (a five-page order to amend), Doc. 15 (a fifteen-page order to amend), Doc. 18 (a ten-page order to amend), Plaintiff has again failed to allege specific facts in support of his claims.  To best illustrate the deficiencies in Plaintiff's fourth amended complaint, a verbatim recitation of the facts, as contained therein, follows:

> Defendant S. Miliken clearly denied me access to legal mail sent to me (clearly) marked legal mail.  I was told and I can prove thru [sic] grievances that I would have to listen to depositions in the law library.  The P.D.'s [public defender's] letter was attached to the outside of [a] package containing depositions.
>
> Defendant C.P. Landrum who was acualy [sic] at A.C.I. and could clearly see that legal mail was clearly marked (legal mail, lawyer client privlige [sic] applies denied me access to (legal mail) [sic] when I was absolutely no threat to security which I can prove.

---

[1] For example, Plaintiff was most recently advised, in pertinent part, the he "should clearly, but concisely describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts" (Doc. 18 at 10) (emphasis in original).  Plaintiff was also advised that "the fourth amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings (including exhibits attached to earlier complaints or filings) are disregarded . . . ..  Thus, the court will not look to any earlier complaints, attachments to any earlier complaint, or any other pleading in the file to determine whether Plaintiff's fourth amended complaint states a claim."  *Id.*

Case No: 5:06cv250/MCR/EMT

> Defendant White clearly denied me the ability to send legal mail home when she is the one who told me I had 30 days to do so. This I can also prove with documentation.
>
> I was denied the ability to show the courts in Santa Rosa County that on my 3.850 not only was I never made privy to its content before plea date but in my attempt to listen to somthing [sic] from my atty [sic] which apparently I did not have the right to.
>
> Here is another one for you your honor. The state denied my claim simply by the fact that they claim I did not notify the proper management risk dept. If that is true, why did the Fed Court [sic] accept it? Doesn't the Fed Court superseed [sic] the state, aren't you the Granddaddy? Why would you accept it and not the state? Did you make a mistake? You know A.C.I. own paperwork [sic] states that evidentiary materials shall be defined as information submitted along with legal mail or documents intended to prove or disprove an allegation of fact. Is CD, DVD, and VHS not information[?] I hope this is the final amendment so you can either give me a hearing or deny me so I can appeal to the Supreme Court. I pray to God they will see thru [sic] all the gobldygook [sic] that the fact is that I was denied legal mail and that it should never happen again. I dare you to say that if one of your loved ones were treated in this fashon [sic] that heads would roll.

(Doc. 19 at 5–7).[2]

Plaintiff asserts, based on the foregoing facts, that Defendants have violated his right to receive legal mail, documents, and evidentiary materials, and his right to review all "legal evidentiary materials," in violation of the Sixth and Fourteenth Amendments of the United States Constitution (*id.* at 7). As relief, Plaintiff seeks $10,000.00 from each Defendant "or what a jury would award" (*id.*).

Initially, it is evident that Plaintiff has failed to follow the repeated directives of this court. He has been provided with ample opportunities to correct the deficiencies in his complaints, but the fourth amended complaint again fails to state a viable claim. Although courts should and do show leniency to pro se litigants, *see, e.g.*, Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990),

---

[2]Although not offered in support of his claims, Plaintiff also requests that the undersigned return a CD to him that he submitted with an earlier pleading (*see* Doc. 14, Doc. 19 at 8). Plaintiff is advised that all exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months <u>after</u> the case is decided, unless an appeal is taken. In all cases in which an appeal is taken, exhibits shall be retrieved within thirty (30) days <u>after</u> the filing and recording of the mandate of the appellate court finally disposing of the case. *See* N.D. Fla. Loc. R. 5.2(B). Thus, Plaintiff's request for the return of an exhibit is premature.

Case No: 5:06cv250/MCR/EMT

"leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Indeed, this court previously advised Plaintiff "that a continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the case" (Doc. 18 at 2 (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972))). Thus, having provided Plaintiff with three previous opportunities to amend his complaint, the undersigned concludes that a recommendation of dismissal is now appropriate, as opposed to directing that Plaintiff file a fifth amended complaint.[3]

Thus, turning to the merits of Plaintiff's fourth amended complaint, he has failed to state a basis for liability as to Assistant Secretary Miliken. Plaintiff apparently seeks to hold this Defendant liable on a respondeat superior theory of liability. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

---

[3]Although Plaintiff has not requested leave to file a fifth amended complaint, the court notes that reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility" are proper bases to deny a plaintiff's motion to amend. *See* Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (emphasis added).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

Although Plaintiff alleges that Defendant Miliken "clearly denied" him access to marked legal mail, Plaintiff has offered no specific facts in support of this allegation. Moreover, Plaintiff appears to also allege that Defendant Miliken told Plaintiff "he would have to listen to depositions in the law library" (*see* Doc. 19 at 5). Thus, if Plaintiff was permitted to review the depositions in the library, Plaintiff was not denied access to legal materials. Furthermore, Plaintiff has identified Defendant Miliken as the Assistant Secretary of the DOC with an address in Tallahassee, Florida (*see* Doc. 19 at 1–2). Thus, because Miliken has a supervisory position within the DOC, and was not present at ACI during the events underlying Plaintiff's complaint, Plaintiff must allege facts demonstrating that a history of widespread abuse existed at ACI that would have put Defendant Miliken on notice of a problem and the need to correct the problem, but he failed to do so. Plaintiff has alleged no such facts. Similarly, Plaintiff does not allege the existence of a custom or policy of the DOC that resulted in the alleged interference with his legal mail. As noted *supra*, Plaintiff was

previously advised to specifically describe how Defendant Miliken harmed him (*see* Docs. 8, 15, 18), but Plaintiff has again failed to allege facts demonstrating that Defendant Miliken violated his constitutional rights. Indeed, the record in this case shows that Defendant Miliken merely denied Plaintiff's administrative appeal (*see, e.g.*, Doc. 1, Attach.), and Plaintiff's filing of the appeal with him, alone, does not make Defendant Miliken liable for any constitutional deprivation at ACI. *See* Wayne, 197 F.3d at 1106. Therefore, Plaintiff has failed to state a claim against Defendant Miliken.

It also appears that Plaintiff has named Defendant Landrum as a Defendant merely because he denied Plaintiff's appeal at the institutional level (*see, e.g.*, Doc. 1, Attach.). Thus, for the reasons Plaintiff has failed to state a claim against Defendant Miliken, he similarly appears to have failed to state a claim against Defendant Landrum.[4] However, because the allegations of Plaintiff's complaint are unclear, and Defendant Landrum was employed at ACI during the time frame relevant to Plaintiff's complaint (unlike Defendant Miliken), the court will address an alternative basis for dismissal of Plaintiff's claims against Defendant Landrum.

As noted *supra*, the only facts alleged by Plaintiff in support of his claims against Landrum are that Landrum was at ACI, he could see that legal mail was clearly marked, and that he (apparently) denied Plaintiff access to the mail (Doc. 19 at 5). These facts alone fail to establish liability. Even if Landrum personally participated in denying Plaintiff access to his legal mail, Plaintiff has failed to allege that he suffered any injury as a result of the denial. As Plaintiff was previously advised (*see, e.g.*, Doc. 18), to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). He must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions.

---

[4]Indeed, this court has previously advised Plaintiff as follows:
In the instant case, Plaintiff appears to allege that Defendants Miliken and Landrum are liable only because they denied his grievances, as Plaintiff has alleged no other facts in support of his claims against them (*see* Doc. 17 at continuation pages 18, 20). This fact alone, however, does not provide a basis for liability. Therefore, Plaintiff has failed to state a claim against Defendants Miliken and Landrum, and he should delete them as Defendants in the fourth amended complaint unless additional facts exist and are alleged to support a claim against them.
(Doc. 18 at 4) (emphasis in original).

Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  Wilson, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.  Plaintiff has offered no facts demonstrating that his case had arguable merit, and he specifically states that the "state denied my claim simply by the fact that they claim I did not notify the proper management risk dept," a reason unrelated to the issue of Plaintiff's access to his legal mail.  Moreover, Plaintiff was obviously able to litigate his claim because he has indicated that the claim was denied.  Thus, Plaintiff has failed to state a claim against Defendant Landrum.

Finally, with regard to Defendant White, Plaintiff has alleged no facts that entitle him to relief.  Plaintiff states only that "Defendant White clearly denied me the ability to send legal mail home when she is the one who told me I had 30 days to do so."  As with the other Defendants, Plaintiff has made only conclusory allegations.  Moreover, the undersigned is aware of no constitutional right "to send mail home."  Liberally construing Plaintiff's complaint, Plaintiff may be asserting that if he had been permitted to mail CDs, DVDs, and/or videotapes to his home, a family member could have listened to them and advised Plaintiff of their contents (if Plaintiff was not permitted to do so himself at ACI).  However, for the reasons Plaintiff failed to state a claim against Defendant Landrum, he has similarly failed to state a claim against Defendant White.  Specifically, Plaintiff has failed to allege harm with respect to the litigation in which he was involved or that his case had arguable merit.  Thus, Plaintiff's claims against Defendant White should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 9th day of January 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:06cv250/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**